IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| LAMARCUS D. WEIR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Case No.: 7:16-CV-8058-VEH |
| ) | (7:10-CR-445-VEH-HGD-1) |
| UNITED STATES OF ) | |
| AMERICA, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM OPINION

This cause is before the court on Defendant Lamarcus D. Weir's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-2 cr-24. The motion was filed on May 19, 2016. (*Id*.). It is Weir's first motion under section 2255.

## BACKGROUND

On April 21, 2011, Levert pleaded guilty to one count of Possession with Intent to Distribute 28 Grams or More of a Mixture and Substance Containing Cocaine Base and Possession with Intent to Distribute a Mixture and Substance Containing Cocaine Hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). (Doc. cv-1; cr-docket entry dated 4/21/2011). On August 3, 2011, this

court imposed sentence. (Cr-docket entry dated 8/3/2011). Judgment was entered by the district court that same date. (Doc. cr-21). Weir was sentenced to a term of 262 months imprisonment. (*Id*.). No appeal was taken.

## DISCUSSION

Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. *See* 28 U.S.C. § 2255.

### I. The Motion Is Timely

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a Section 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment of conviction becomes final. "For the purpose of starting the clock on Section 2255's one-year limitation period, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Weir's judgment of conviction became final on August 17, 2011, when the time for filing an appeal expired. FED. R. APP. P. 4(b)(1). Weir had until August 17, 2012, to file a timely Section 2255 motion to vacate.

However, Weir's petition asserts that his sentence is due to be vacated under *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015). He thus implicitly argues that his motion is timely under Section 2255(f)(3).[1,2] *Johnson* was issued

---

[1] Weir is proceeding pro se. Accordingly, this court has construed his pleading liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).

[2] 28 U.S.C. § 2255 reads in part, as follows:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

on June 26, 2015. Thus, under paragraph (f)(3) of Section 2255, the date by which he must present his 2255 petition asserting *Johnson* is June 26, 2016. Weir's motion clearly was timely filed.[3]

## II. The Motion Fails

Weir alleges that the district court improperly, in light of *Johnson*, sentenced him as a "Career Offender within the meaning of U.S.S.G. §4B1.1 and § 4B1.2." He argues that this was unconstitutional under *Johnson* because "his prior drug convictions are no longer considered serious drug offenses for the career offender enhancement...."

However, he is incorrect. As explained herein, there is nothing about the manner in which Weir's sentence was calculated that is impacted by *Johnson*. Further, the Eleventh Circuit has held that *Johnson* does not apply to the Sentencing Guidelines.

Weir's sentence for his (drug distribution) crimes was enhanced under

---

       (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

       (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[3] June 26, 2016, is a Sunday, therefore the time period is extended to the next business day, June 27, 2016.

U.S.S.G. § 4B1.1. It is undisputed that, prior to the instant offense, Weir had been convicted of Unlawful Distribution of a Controlled Substance in Tuscaloosa County Circuit Court, Case Numbers CC 99-0547 and CC 99-1809. Since the instant offense is a controlled substance offense, the defendant was 18 years or older at the time of the instant offense, and the defendant has at least two prior felony convictions of controlled substance offenses, the defendant was properly designated a career offender within the meaning of U.S.S.G. § 4B1.1 and § 4B1.2.

In *Johnson*, the Supreme Court analyzed the Armed Career Criminal Act and held that the definition of "violent felony" under the residual clause of the Act was unconstitutionally vague. *Johnson* said nothing about the definition of "serious drug offense," nor was any issue presented to the Johnson court about that definition.

### III. Conclusion

Weir's sentence was not impacted by any residual clause definition of "crime of violence," which is the language found unconstutionally vague in *Johnson*. Accordingly, the Motion is due to be **DENIED** and this case will be **DISMISSED WITH PREJUDICE**. Additionally, the court finds that Weir is not entitled to a certificate of appealability.

#### CERTIFICATE OF APPEALABILITY DENIED

A prisoner seeking a motion to vacate has no absolute entitlement to appeal

a district court's denial of his petition. *See* 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Weir has not made the requisite showing in these circumstances.

Finally, because Weir is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** this 1st day of August, 2016.

                                                                          _____
                                                                          **VIRGINIA EMERSON HOPKINS**
                                                                          United States District Judge